UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **ANITA CHANDLER,**<br>　　Plaintiff,<br>**v.**<br>**STAKEHOLDER PAYROLL SERVICES LLC,** *et al.*,<br>　　Defendants. | **Case No. 5:23-cv-1101-CLM** |

## MEMORANDUM OPINION

Anita Chandler alleges that she was fired from her job as a facility administrator at a nursing facility for seeking medical leave under the Family and Medical Leave Act ("FMLA"). So she sues her employer Stakeholder Payroll Services LLC ("Stakeholder") and the nursing facility LP Huntsville LLC d/b/a Signature Healthcare of Whitesburg Gardens ("Whitesburg Gardens") for violation of the ADA, ADEA, and FMLA. (Doc. 1). Stakeholder and Whitesburg Gardens ("Defendants") have moved to dismiss Chandler's complaint as a shotgun pleading. For the reasons stated below, the court **GRANTS** Defendants' motion (doc. 5) and **ORDERS** Chandler to file an amended complaint that complies with the civil rules and this opinion by **September 20, 2024**.

## BACKGROUND

Anita Chandler has been working as an administrator in retirement and rehabilitation facilities for over 30 years. Chandler was 61 years old when she began working for Defendants in 2014 as facility administrator.[1] In August 2021, Chandler says a co-worker physically assaulted her at work. Because of this assault, Chandler developed post-

---

[1] Chandler was initially employed by Signature Payroll Services, LLC. Defendant Stakeholder has since replaced Signature Payroll Services, LLC and Stakeholder was Chandler's employer during the events of this case. (Doc. 1, p. 3, ¶¶ 10-11).

concussive syndrome and post-traumatic stress disorder ("PTSD"). (Doc. 1, p. 4).

Chandler says her supervisor, Scott Goins, knew about the assault, her injuries, and her subsequent medical care. Chandler tried to return to work, but her injuries caused her to seek medical leave in September 2021. Chandler informed Goins she was approved for leave and says he became angry that he would have to replace Chandler while she was gone. (*Id.*, p. 5). Chandler says this was similar to a previous situation with Goins: earlier that year, Goins told Chandler that he wanted to fire a facility administrator at another facility because he had to replace her when she went on leave. But Goins said he would wait a few months after that employee's return to work so it would not look like retaliation. (*Id.*). Goins then fired that employee a few months after her return from leave. Chandler was afraid she would suffer the same fate, so she contacted Human Resources ("HR") with concerns about her job safety. But HR assured her she couldn't be retaliated against for taking leave.

In November 2021, Chandler returned to work after taking leave but still suffered with her post-concussive syndrome and PTSD. She says that Goins was "never the same" with her once she returned—that he expressed displeasure with her for taking time off work and for the repercussions of her injuries. And Goins asked Chandler more than once when she planned to retire, but Chandler had no plans to retire. (*Id.*, p. 6).

A few months later, Goins placed Chandler on a performance improvement plan ("PIP"). Chandler says the reason for this was unfounded and common to all administrators under Goins, who were much younger than her and were not placed on a PIP. Goins would not discuss the PIP with Chandler, so she filed a written response that she believed Goins placed her on a PIP because of her age and disabling conditions. (*Id.*, p. 7). A week later, Goins fired Chandler, claiming that she gave a written counseling to an employee without adequate grounds and the employee filed an internal complaint—but Chandler says Goins

instructed her to do so. Chandler was then replaced by a woman in her forties. (*Id.*).

So Chandler sued Defendants for violation of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*, the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621 *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* Defendants move to dismiss Chandler's complaint for failure to state a claim under Rule 12(b)(6) and as an impermissible shotgun pleading under Rules 8(a)(2), 8(d)(1), and 10(b).

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering the motion, the court accepts all factual allegations as true, and construes them "in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). This tenet, of course, is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the Complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

## DISCUSSION

Although Defendants move to dismiss Chandler's complaint for failure to state a claim and as a shotgun pleading, they focus their motion on their shotgun pleading allegations. The Eleventh Circuit has identified four categories of shotgun pleadings:

> (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint";
>
> (2) "a complaint that … [is] replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action";
>
> (3) a complaint that fails to "separate[e] into a different count each cause of action or claim for relief"; and
>
> (4) a complaint "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. A dismissal under Rules 8(a)(2) and 10(b) is appropriate where "it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief." *Id.* at 1325 (citing *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (emphasis added)).

Defendants say that Chandler's complaint falls into two categories of shotgun pleadings (highlighted above): they allege (1) it includes conclusory, vague, and immaterial facts in every count, and (2) it impermissibly groups together multiple claims into single causes of action. (Doc. 5, p. 2).

### A. Conclusory, vague, and immaterial facts

First, Defendants say that Chandler's complaint includes conclusory, vague, and immaterial facts in every count because each count in the complaint "incorporate[s] *every* factual allegation contained in the

Complaint," essentially "includ[ing] the statutory basis for *every count* inside each individual count. (Doc. 6, pp. 5-6).

The easiest way to understand this argument is to look at the complaint. Paragraph 1 begins with a section on jurisdiction, listing each of the statutes under which Chandler brings her claims:

### I. JURISDICTION

1. This is a suit for relief from unlawful termination of employment instituted pursuant to the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et seq.*, the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. §621 *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 *et seq.* Jurisdiction of this Court exists pursuant to 28 U.S.C. §§1331 and 1343(a)(4).

(Doc. 1, p. 1). Paragraph 2 states that Chandler timely filed an EEOC charge before filing her complaint. Paragraphs 3 through 6 list each of the parties' citizenships. Then paragraphs 7 through 51 list the statement of facts giving rise to Chandler's claims.

Defendants' qualm is with the fact that Chandler incorporated *all* paragraphs—1 through 51—into each count. For example:

### COUNT I

### ADA

52. Paragraphs 1-51 above are incorporated by reference.

### COUNT II

### ADEA

62. Paragraphs 1-51 and 53 above are incorporated by reference.

## COUNT III

## FMLA

66. Paragraphs 1-51 and 53 above are incorporated by reference.

(Doc. 1, pp. 7, 10, 11). Defendants say that by doing this, Chandler includes completely immaterial facts in each count: they say Chandler references citations to the ADA in claims she brings under the ADEA and FMLA; that she includes mention of exhausting her EEOC charge in her ADA and ADEA claims although not required for those claims; and that she refers to her disability under her ADEA claim and references to her age under her ADA and FMLA claims. (Doc. 6, pp. 5-9).

Chandler says that her complaint "set forth clearly-stated and detailed factual allegations that support each of her causes of action and gave Defendants more than adequate notice of the claims against them and sufficient information for them to respond." (Doc. 8, p. 2) (citing *Weiland*, 792 F.3d at 1323 ("The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.")). Chandler says in addition to not confusing the Defendants about what her complaint alleged, that she properly alleges "intersectional" discrimination because her termination resulted from all three statutes and that "all of the facts are supportive of each claim." (Doc. 8, p. 8).

The Eleventh Circuit's decision in *Weiland* (cited by Defendants) is instructive here. In *Weiland*, an arrestee sued a sheriff's office and deputies for excessive force, intentional infliction of emotional distress, and malicious prosecution. *Weiland*, 792 F.3d at 1317. Paragraphs 1 through 49 of his third amended complaint included an introductory statement, jurisdiction section, parties section, and facts section—divided into three fact subsections. *Id.* at 1318. He then listed seven counts, each of which began with "Plaintiff realleges and reavers the allegations of

paragraphs 1–49 inclusive, and alleges further...." *Id.* The district court dismissed Weiland's complaint. *Id.* at 1319. The Eleventh Circuit found that the district court abused its discretion in dismissing Weiland's complaint on two claims for failure to comply with Rules 8(a)(2) and 10(b) because the two counts were "informative enough to permit a court to readily determine if they state a claim upon which relief can be granted." *Id.* at 1326.

In rejecting a shotgun pleading finding, the Circuit Court said this was "not a situation where a failure to more precisely parcel out and identify the facts relevant to each claim materially increased the burden of understanding the factual allegations underlying each count." *Id.* at 1324. The court noted that the defendants did not state any difficulty knowing what they were alleged to have done and why they were liable for doing it, and the court itself did not struggle to understand the claims. *Id.* The court said the "task of figuring out which of the 49 paragraphs that are incorporated into count one is relevant [to each claim] . . . is hardly a task at all." *Id.* at 1324-25. And even though some sections were over-inclusive for certain claims, other paragraphs "clearly and concisely describe the events" that occurred. *Id.* at 1325. Because the complaint gave Defendants "adequate notice of the claims against them and the factual allegations that support those claims," the dismissal of those claims was in error. *Id.*

Following *Weiland*'s guidance, the court finds adequate notice. Chandler's complaint is 14 pages long, alleging three counts: violations of the ADA, ADEA, and FMLA. Paragraphs 1 through 51 of Chandler's complaint include a jurisdiction section, parties section, and facts section. (Doc. 1, pp. 1-7). She then lists three counts, each of which begins with "Paragraphs 1-51 [and 53] above are incorporated by reference." (Doc. 1, pp. 7, 10, 11). To determine which facts are relevant to each of Chandler's claims "is hardly a task at all." For example, under the ADEA, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual" who is at least 40 years old "because of such individual's age." *Thomas v. Atlanta Pub. Sch.*, No. 23-11101, 2024 WL 2992938, at *6 (11th

Cir. June 14, 2024) (citing 29 U.S.C. §§ 623(a)(1), 631(a)). So those facts in the complaint relevant to Chandler's ADEA claim are those related to her age: such as paragraphs 17 and 39-51. Those facts in the complaint relevant to Chandler's ADA claim are those related to her alleged disability of suffering from post-concussive syndrome and PTSD symptoms. And those facts in the complaint relevant to Chandler's FMLA claim are those related to the actions surrounding Chandler taking leave. To dismiss Chandler's case as a shotgun pleading, it must be "*virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief." *Weiland*, 792 F.3d at 1325. "No such virtual impossibility exists in this case." *See id*. So Chandler's complaint does not fall into the second category of shotgun pleadings.

### B. Multiple claims grouped into single causes of action

Defendants next say that Chandler impermissibly groups multiple claims into single causes of action rather than separate each cause of action into a different count. (Doc. 6, p. 5) For example, under "Count II, ADEA," Chandler alleges:

> 64. Defendants violated Plaintiff's rights under the ADEA by terminating her employment because of (1) her age and/or (2) in retaliation for her complaint about having been put on the PIP because of her age.

(Doc. 1, p. 10, ¶ 64). Defendants say that in doing so, Chandler "appears to assert both a claim for wrongful termination and unlawful retaliatory discharge under the ADEA in *the same count*." (Doc. 6, p. 9). Chandler says that even if she did so, Defendants do not claim that they are confused by her alternative theories of liability or that they cannot respond to the claim. (Doc. 8, p. 9).

While alternative pleading is allowed, the court agrees with Defendants. Each count should plead a single claim that is plainly identified. For example, Count II could be **ADEA: Age Discrimination** and Count III could be **ADEA: Retaliation.** This clarification would

alleviate the allegation that Chandler's complaint "fail[s] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

"[I]n striking a complaint on shotgun pleading grounds and affording the plaintiff with another opportunity to file a complaint that passes muster, the District Court should point out the defects in the complaint." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1359 (11th Cir. 2018) (citing *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)). Chandler should replead her complaint to state the specific claim she brings in each count, and if she brings multiple claims or theories under the same statute (ADEA, for example), then she should "separate[e] into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1321-23.

## CONCLUSION

For the reasons stated within, the court **GRANTS** Defendants' motion to dismiss (doc. 5) and **ORDERS** Chandler to file an amended complaint by **September 20, 2024**. Defendants Stakeholder and Whitesburg Gardens shall respond to Chandler's amended complaint on or before **October 11, 2024**.

**DONE** and **ORDERED** on September 3, 2024.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE